### TINKHAM *v.* KNOX.

*(City Court of New York, General Term.* April 5, 1892.)

FACTORS AND BROKERS—SALE WITHOUT EMPLOYMENT—RIGHT TO BROKERAGE.

    A person acting as broker in the sale of real estate, but not employed as such, will not be entitled to recover brokerage unless it appear that the seller knew that plaintiff acted as broker before the sale was consummated.

Appeal from trial term.

Action by Frank J. Tinkham against John M. Knox, Jr., executor of William S. Livingston, deceased. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and McCARTHY, JJ.

· *W. C. Beecher*, for appellant. *Olcott & Olcott*, for appellee.

EHRLICH, C. J. Where a broker employed to sell or rent property is the means of bringing the owner and purchaser or tenant together, and an agreement follows, the broker is entitled to his brokerage, whether the owner knew or was ignorant at the time that the broker's efforts were the procuring cause. *Wylie* v. *Bank*, 61 N. Y. 415, 417; *Lloyd* v. *Matthews*, 51 N. Y. 124, 132. But that is not this case. The plaintiff does not allege an employment, but that he acted as broker, with the owner's "knowledge and consent," and this was the issue tried. The judge properly sent the question to the jury, telling them, in substance, that, if the defendant had "conscious knowledge that the plaintiff had acted as broker before the agreement was consummated, he was liable, otherwise not." On the issue raised and tried, we find no error in the charge, nor in the rulings of the trial judge, and the judgment appealed from must be affirmed, with costs. All concur.